TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*David Kennedy*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| David Kennedy, | Case No.: |
|---|---|
| Plaintiff, | |
| vs. | **COMPLAINT** |
| CSF2, Inc., a foreign corporation, | **JURY TRIAL DEMAND** |
| Defendant. | |

NOW COMES THE PLAINTIFF, DAVID KENNEDY, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendant, pleads as follows:

1

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Glendale, Maricopa County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. The Defendant to this lawsuit is CSF2, Inc., which is a foreign corporation that maintains its offices in the City of Tulsa, in Tulsa County, Oklahoma.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect a consumer type debt with account number 1571 allegedly owed to Elan Financial in the amount of $695.00 (the "Debt").

6. Sometime prior to April 2015, Mr. Kennedy obtained his credit files.

7. On or about April 10, 2015, Mr. Kennedy sent Equifax a letter, disputing the alleged Debt.

8. On or about April 10, 2015, Mr. Kennedy sent Defendant a letter, requesting that it validate the alleged Debt and cease and desist from contacting him.

9. On or about May 11, 2015, Mr. Kennedy sent Defendant another letter, stating that it failed to validate the alleged Debt.

10. On or about August 6, 2015, Mr. Kennedy sent Defendant another letter, requesting validation of the alleged Debt.

11. On or about September 8, 2015, Mr. Kennedy obtained his credit files and noticed that Defendant continued to report the alleged Debt.

12. On or about September 24, 2015, Mr. Kennedy submitted a letter to Equifax, disputing the alleged Debt reported by Defendant.

13. Upon information and belief, Equifax forwarded Mr. Kennedy's consumer dispute to Defendant.

14. On or about December 21, 2015, Mr. Kennedy submitted a letter directly to Defendant, disputing the alleged Debt.

15. On or about February 16, 2016, Mr. Kennedy obtained his Equifax credit file and noticed that Defendant accurately reported that he disputed the alleged Debt.

16. However, on or about June 8, 2016, Mr. Kennedy received Equifax's investigation results, which showed that Defendant removed the disputed status on the alleged Debt, in violation of the FDCPA.

# COUNT I-VIOLATION OF

# THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.  Defendant did this when it failed to flag the alleged Debt as disputed on Mr. Kennedy's Equifax credit file.

22. The Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: July 27, 2016

                                  KENT LAW OFFICES

                                  By: */s/ Trinette G. Kent*
                                  Trinette G. Kent
                                  Attorneys for Plaintiff,
                                  David Kennedy